UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-cv-470-H

JAMES BURK and SHANNON BURK, )
Guardians Ad Litem for A.B.; )
JAMES BURK, individually; ) ORDER APPROVING SETTLEMENT
and SHANNON BURK, ) ON BEHALF OF A MINOR
individually, )
 )
      Plaintiffs, )
 )
v. )
 )
UNITED STATES OF AMERICA, )
 )
      Defendant.

On this 21st day of February, 2013, the above-referenced matter came on for hearing and approval by the Court as to the reasonableness of a settlement between the United States of America and A.B., a minor. Plaintiff A.B., a minor, appeared through her attorney of record and her parent and court-appointed Guardian Ad Litem, Lt. Col. James Burk. (Docket Entry 9) Defendant United States of America appeared through its attorney of record, Assistant United States Attorney Sharon C. Wilson.

All Parties are properly represented and properly before the Court and there is no question as to nonjoinder or misjoinder of parties. The Court has jurisdiction over the subject matter and over the parties to this matter.

This matter is a FTCA medical malpractice action filed on November 22, 2010. The case concerns the birth of A.B. at Womack Army Medical Center in December 2007. The plaintiffs alleged that the delivery of A.B., one of a set of twins, was not handled within the standard of care and was a proximate cause of A.B. suffering extensive brain damage and cerebral palsy. By order filed April 9, 2012, this court entered partial summary judgment against defendant finding that defendant breach the applicable standard of care and that defendant's breach was a proximate cause of plaintiffs' injuries.

Plaintiffs' counsel, Bailey Melvin of the Melvin Law Firm of Greenville, N.C., was hired by the parents in the early part of 2008 to pursue this claim. He has been working on the case for five years and his work has included among other things the investigation of the validity of the case, the search for and hiring of multiple experts in various fields, taking of depositions, collection of records, meetings with experts and clients, and preparation for trial. Plaintiff's counsel is of the opinion that the proposed settlement is fair and is in the best interests of the minor plaintiff and her parents.

Counsel for the plaintiffs has presented to the Court a Life Care Plan prepared by Grace Cover, R.N. and a summary of the cost of that plan prepared by Dr. Carson Bays an economist. These documents set forth an estimate of the actual and

2

foreseeable medical, hospital and related expenses. However, the reports do not take into account the fact that all of A.B.'s present medical expenses are paid for by the Army through her father's coverage and that she receives approximately 100 hours of in home nursing care through the Army programs as well. Col. Burk plans to remain in the Army for the foreseeable future and once he reaches 20 years of service, A.B. will be covered by Army insurance for the rest of her life. In addition, plaintiffs' counsel has presented to the Court for in camera review records from A.B.'s present treating physicians setting forth her present medical condition and prognosis. A.B. has cerebral palsy and her condition is not expected to change significantly in the future.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant To 28 U.S.C. § 2677 (hereinafter "Stipulation"), attached as Exhibit A, and the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust (hereinafter "Reversionary Trust"), attached as Exhibit B. The Court has reviewed the Stipulation, taken testimony, and heard arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement. The Court, further, is informed that the Associate Attorney General

of the United States has authorized settlement based on the terms of settlement as set out within the Stipulation and Reversionary Trust, subject to the entry of a court order approving the settlement. The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation and Reversionary Trust, are fair, reasonable, and in the best interests of A.B., a minor.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibits A and B, is hereby approved. It is further Ordered that Lt. Col. Burk and Mrs. Shannon Burk, as parents and court-appointed Guardians Ad Litem of A.B., a minor, are authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement, including endorsing the settlement check from Huver and Associates as set out below, and to provide any information and documentation necessary to complete the purchase of annuity contracts and establishment and implementation of the Reversionary Trust on behalf of A.B., a minor.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the settlement amount of ten million dollars ($10,000,000.00) (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation. With respect to the settlement check from Huver and Associates that will be made

4

payable to the named plaintiffs pursuant to paragraph 3.a.1 of the Stipulation, the Court hereby Orders the plaintiffs to endorse the check over to their attorney to be deposited into the attorney's client trust account to be used to pay the attorney's fees, costs and expenses herein approved, and to pay any lien or claim for reimbursement.

IT IS FURTHER ORDERED that the Structured Settlement delineated in the Assignment Agreement, attached hereto as Exhibit C is approved, and that SHANNON BURK, as Mother and Natural Guardian of A.B., an Infant, and JAMES BURK, as Father and Natural Guardian of A.B., an Infant, shall execute said document.

FURTHERMORE, SunTrust Bank is approved at Trustee for the A.B. STRUCTURED SETTLEMENT ADMINISTRATION TRUST, and The Halpern Group / Secured Settlements, Inc. is approved as Facilitator.

IT IS FURTHER ORDERED, that the amount as set forth in Exhibit A shall be made payable to SunTrust Bank as Trustee of the A.B. Structured Settlement Administration Trust.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that attorney's fees in this action shall be twenty-five percent (25%) of the settlement amount and shall be paid as provided in the Stipulation. The Court finds that the costs and expenses associated with the litigation are $77,589.25 plus Dr. Shappley's fees of $5,000.00 and that such costs and expenses

5

Case 5:10-cv-00470-H   Document 94   Filed 02/21/13   Page 5 of 8

are fair, reasonable, and necessary. It is hereby Ordered that such costs and expenses are approved and are to be paid as provided in the Stipulation. The Court finds that plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court hereby Orders plaintiffs, by and through their attorney, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further Orders that plaintiffs and their attorney shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in said Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiffs, upon final execution of the Stipulation and the Reversionary Trust and upon receiving notice from the United States Attorney's Office for the Eastern District of North Carolina that it has received the check for the amount of the Upfront Cash set forth in Paragraph 3.a.1. of the Stipulation, shall cause their attorney to file with the United States District Court for the Eastern District of North Carolina a dismissal of this action in its entirety with prejudice, with

each party bearing its own costs, expenses, and fees. Upon the filing of such dismissal, the United States Attorney for the Eastern District of North Carolina shall transmit to plaintiffs' attorney said check in the amount of the Upfront Cash. Subject to the terms and conditions set forth in Paragraph 3.a. of the Stipulation, plaintiffs' attorney shall distribute said Upfront Cash to the plaintiffs after paying or resolving any lien or claim for reimbursement or payment for which plaintiffs have agreed to be legally responsible under the terms of the Stipulation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall not retain jurisdiction over the action against the United States or the settlement.

_____
UNITED STATES DISTRICT JUDGE
Dated this 21st day of February, 2013

APPROVED AS TO FORM AND CONTENT:

_____
SHARON C. WILSON
Assistant United States Attorney
310 New Bern Ave., Ste. 800
Raleigh, NC 27601
Attorney for Defendant

7

United States of America

_____
R. Bailey Melvin
The Melvin Law Firm, P.A.
610-A Lynndale Court
Greenville, NC 27858
Attorney for Plaintiffs


_____
James Burk
Plaintiff; Father of A.B.